IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY LEWIS SHARPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv489-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

On May 20, 2009, petitioner Tony Lewis Sharpe ("Sharpe"), a federal inmate, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he challenges the sentence imposed on him in 1999 for sexual exploitation of a minor and possession of a firearm by a convicted felon.[1] (Doc. No. 1.) Upon review of Sharpe's motion, this court directed the government to file a limited response addressing the applicability of § 2255's one-year limitation period to Sharpe's motion, *see* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2] (Doc. No. 4.) In its response (Doc. No. 11), the government argues that Sharpe's motion is time-barred by the limitation period. Specifically, the government argues that Sharpe's convictions became final on April

---

[1]Although Sharpe's motion was stamped "received" in this court on May 26, 2009, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, May 20, 2009, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

22, 2002 – 10 days after the district court's judgment of conviction was entered, as no direct appeal was filed – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. (Doc. No. 11 at 4-7.)

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and record reflect that Sharpe was convicted on January 14, 1999, and that he was sentenced on March 30, 1999. (Doc. 11 at 2.) Judgment was entered by the district court on March 31, 1999. (*Id*.) Sharpe did not file a direct appeal. By operation of law, then, Sharpe's convictions became final on April 13, 1999, upon expiration of the time for him to file a direct appeal (i.e., the first business day 10 days after entry of judgment by the district court).[3] Thus, Sharpe had until April 13, 2000, to file a timely § 2255 motion.

---

[3]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within ten days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Sanchez-*

The instant motion was not filed until May 20, 2009.

It does not appear that any of the statutory exceptions specified in 28 U.S.C. § 2255 ¶ 6 (2)-(4) apply in this case. Specifically, Sharpe's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Sharpe from filing an earlier motion. Nor does Sharpe appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired long before Sharpe filed his § 2255 motion. Accordingly it is

ORDERED that on or before July 17, 2009, Sharpe shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 26th day of June, 2009.

                                           /s/Susan Russ Walker
                                           SUSAN RUSS WALKER
                                           CHIEF UNITED STATES MAGISTRATE JUDGE

---

*Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).