IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY LEWIS SHARPE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:09cv489-WHA |
| | ) |
| UNITED STATES OF AMERICA, | )  (WO) |
| | ) |
| Respondent. | ) |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #24) and the Petitioner's objections thereto (Doc. #27).

Sharpe objects to the Magistrate Judge's conclusion that this 28 U.S.C. § 2255 motion was untimely filed, having been filed after expiration of the one-year limitation under the provisions of 28 U.S. C. § 2255(f).  He contends that he could not have discovered the basis for his challenge of this federal sentence until less than one year before the filing of this petition, even through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f)(4).

The sentencing judge in this case specifically provided in his Judgment Order that Sharpe "shall stand committed for service of this sentence upon [his] release to federal custody."  Sharpe was brought before this court in this case on a writ to the state, since he was at that time in state custody on pending charges there.  He had not been sentenced in state court, but was sentenced there sometime after he was sentenced in this court.  Therefore, even though the charged offenses were related, Sharpe's contention that his sentences in this court and in state court should have been concurrent under USSG §5G1.3 is inapplicable, as his state sentence was not

preexisting at the time his federal sentence was imposed.

Similarly, Sharpe's claim that he relied on incorrect advice of his counsel regarding his sentence also fails to excuse the untimeliness of his motion. At the time of sentencing, any difference between Sharpe's purported expectations and the reality of his sentence were apparent on the face of the Judgment Order.

This is not a case of a meritorious claim being denied only for the reason that it was untimely filed. It was the sentencing judge's clear intention that this federal sentence not begin to run until the Petitioner was released from state custody to federal custody. That judge had no way of knowing what the state court might do when sentencing the Defendant there, but did clearly intend that, whatever his state sentence might be, Sharpe was to complete that before beginning to serve his federal sentence.

Following an independent and *de novo* review of the entire file in this case, the court finds the Petitioner's objections to be without merit, and they are OVERRULED. The court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, as having been filed after expiration of the one-year limitation period, and this case is DISMISSED with prejudice.

DONE this 25th day May, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE